Arthur A. MITCHELL, Jr.,
Plaintiff–Appellant,

v.

BLACK & DECKER (USA) INC.,
a corporation doing business in
California, Defendant–Appellee.

No. 99–56161.

D.C. No. CV–93–0910 AHS.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Feb. 14, 2001.

Decided March 30, 2001.

Before FERGUSON, TASHIMA, and
FISHER, Circuit Judges.

MEMORANDUM *

Arthur A. Mitchell appeals from the district court's grant of summary adjudication on his age discrimination claim, a jury verdict on his breach of contract claim, and denials of his motions for a new trial, for reconsideration of the summary adjudication ruling, and for sanctions. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

The district court did not err in granting Defendants' motion for summary adjudication. See California v. Campbell, 138 F.3d 772, 776 (9th Cir.1998) (holding that the decision to grant of a motion for summary adjudication is reviewed de novo). Mitchell failed to present evidence that Defendants' legitimate, nondiscriminatory reasons for terminating Mitchell and for failing to offer him another job were pretextual. See Godwin v. Hunt Wesson, Inc., 150 F.3d 1217, 1221–22 (9th Cir.1998) (describing the requirements for a showing of pretext). Nor did the district court

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

abuse its discretion in denying Mitchell's motion for reconsideration. Although the evidence introduced at trial did show that one of Defendants' declarations submitted in support of the summary adjudication motion contained false statements, that evidence still did not show pretext. *See Shalit v. Coppe,* 182 F.3d 1124, 1127 (9th Cir.1999) (holding that the denial of a motion for reconsideration is reviewed for abuse of discretion).

The district court did not abuse its discretion in formulating the jury instructions. *See Beachy v. Boise Cascade Corp.,* 191 F.3d 1010, 1012 (9th Cir.1999) (holding that the district court's formulation of jury instructions is reviewed for abuse of discretion). Mitchell did not object to Special Instruction # 1 before the district court. "No party may assign as error the giving or the failure to give an instruction unless that party objects thereto before the jury retires to consider its verdict . . . ." Fed. R.Civ.P. 51; *see also McGonigle v. Combs,* 968 F.2d 810, 823 (9th Cir.1992). Mitchell therefore is precluded from arguing for reversal on the basis of Special Instruction # 1. The instructions to which Mitchell did object were clear and correct, the district court did not abuse its discretion by giving them, and there was no evidence of jury confusion.

■ The district court did not abuse its discretion in denying the motion for a new trial. *See Scott v. Ross,* 140 F.3d 1275, 1281 (9th Cir.1998) (holding that the district court's ruling on motion for a new trial is reviewed for abuse of discretion). Mitchell's only grounds for the motion are various allegedly improper statements made by Defendants' counsel in closing argument. Because Mitchell failed to object to any of these statements before the case went to the jury, he waived his objections to them, absent a showing of gross injustice or an explanation of the failure to object. *Kaiser Steel Corp. v. Frank Coluccio Constr. Co.,* 785 F.2d 656, 658 & n. 2 (9th Cir.1986); *see also* 11 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2805 (2d ed. 1995) ("A principle that strikes very deep is that a new trial will not be granted on grounds not called to the court's attention during the trial unless the error was so fundamental that gross injustice would result."). There has been no such showing or explanation here.

■ The district court did not abuse its discretion in denying the motion for sanctions under Fed.R.Civ.P. 56(g). *See United Steelworkers, Local 2116 v. Cyclops Corp.,* 860 F.2d 189, 203 (6th Cir.1988) (holding that the district court's ruling on a motion for sanctions under Rule 56(g) is reviewed for abuse of discretion). Mitchell has not pointed out any evidence that the declaration containing falsehoods was offered in bad faith.

The judgment and rulings of the district court are therefore AFFIRMED.